# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, MORAN, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 BOBBY D. MORRISSETTE**
**United States Army, Appellant**

ARMY 20090166

7th Army Joint Multinational Training Command
Timothy Grammel, Military Judge
Lieutenant Colonel Jonathan Howard, Acting Staff Judge Advocate

For Appellant:  Captain Barbara Snow-Martone, JA (argued); Major Bradley Voorhees, JA; Captain Jeremy Stephens, JA (on brief); Lieutenant Colonel Jonathan F. Potter, JA.

For Appellee:  Captain Kenneth W. Borgnino, JA (argued); Captain Chad M. Fisher, JA; Captain Kenneth W. Borgnino, JA (on brief).

29 May 2014

-----------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
-----------------------------------------------------------------

Per Curiam:

A military judge, sitting as a general court-martial convicted appellant, contrary to his pleas, of disobeying a commissioned officer, wrongful use of a controlled substance, obstructing justice (two specifications), participating in a gang initiation (two specifications), and indecent acts in violation of Articles 90, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 912a, 934 (2006) [hereinafter UCMJ].  Appellant was sentenced to a bad-conduct discharge and confinement for forty-two months.  The convening authority approved the adjudged sentence.

On 22 December 2010, we set aside and dismissed the Specification of The Additional Charge and The Additional Charge (wrongful use of a controlled substance), affirmed the remaining findings of guilty, and reduced appellant's approved sentence to confinement by one month.  *United States v. Morrissette*,

ARMY 20090166, 2010 WL 5677920 (Army Ct. Crim. App. 22 Dec. 2010) (mem. op.).  On 24 January 2012, the Court of Appeals for the Armed Forces (CAAF) affirmed our decision, except with regard to the findings of guilty to Charge III, Specifications 4, 5, and 6, and the sentence.  *United States v. Morrissette*, 70 M.J. 431, 442 (C.A.A.F. 2012).  Our superior court vacated our decision as to those specifications and remanded the record to us for further consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), and for reassessment of the sentence, or if appropriate, for the ordering of a rehearing on sentence.  *Id.* at 443.

On 10 May 2012, after a review of the case under *Fosler*, this court again affirmed the findings of guilty to Specifications 4, 5, and 6 of Charge III.  *United States v. Morrissette*, ARMY 20090166, 2012 WL 1801828 (Army Ct. Crim. App. 10 May 2012) (summ. disp.).  We again reassessed the sentence and affirmed a sentence to a bad-conduct discharge and confinement for forty-one months.  *Id.* On 6 August 2012, CAAF again vacated our decision as to Specifications 4, 5, and 6 of Charge III, and as to the sentence, and affirmed our decision as to the remaining charges and specifications.  *United States v. Morrissette*, 71 M.J. 374 (C.A.A.F. 2012) (summ. disp.).  The court returned the record of trial to The Judge Advocate General of the Army for remand to this court for further review in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012).  On 19 February 2013, this court set aside the findings of guilty to Specifications 4, 5, and 6 of Charge III.  *United States v. Morrissette*, ARMY 20090166, 2013 WL 644382 (Army Ct. Crim. App. 19 Feb. 2013) (summ. disp.).  We dismissed those specifications without prejudice and authorized a new trial.  *Id.*  We also authorized the convening authority to order a rehearing on sentence.  *Id.*

The convening authority determined that a rehearing on Specifications 4, 5, and 6 of Charge III was impracticable.  The convening authority further determined that a sentence rehearing was impracticable and approved a post-trial administrative discharge in lieu of court-martial pursuant to Army Reg. 635-200, Active Duty Enlisted Administrative Separations, Chapter 10 (6 June 2005) (Rapid Action Revision, 6 September 2011).

This case has been returned to this court and no further pleadings have been submitted by either party after being given the opportunity to do so.  We have already affirmed the remaining findings of guilt, and our superior court has affirmed that portion of our decision.  The other specifications have been dismissed. Appellant has not been sentenced.  Accordingly, no further review is necessary.  *See* UCMJ art. 66(c) ("[T]he Court of Criminal Appeals may act only with respect to the findings and sentence approved by the convening authority.").



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court